**MOYES SELLERS & HENDRICKS**
Stephen Brower (No. 024908)
1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone: (602) 604-2120
sbrower@law-msh.com

Attorneys for Appellee MR Capital, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>Donita Cole,<br><br>　　　　　Debtor. | Case No. 2:15-cv-02105-SRB<br><br>Case No. 2:15-bk-07045-EPB<br><br>**RESPONSE TO EXIGENT EMERGENCY PETITION** |
| Donita Cole,<br><br>　　　　　Appellant,<br><br>v.<br><br>MR Capital, LLC,<br><br>　　　　　Appellee. | |

　　　Rule 8007, Federal Rules of Bankruptcy Procedure, contains a presentation requirement. "Ordinarily, a party must move first in the bankruptcy court for the following relief...a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). If the request is instead made directly to the court where the appeal is pending, the moving party must show "that moving first in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(b)(2).

　　　A failure to seek emergency relief in the bankruptcy court is a critical defect. "The reason for requiring that the initial application be made to the bankruptcy court is obvious,

the reviewing court should have the benefit of the learning of the lower court, which is more familiar with the parties, facts and legal issues." *In re Rivera*, 2015 WL 6847973 at *2 (N.D. Cal. Nov. 9, 2015) (internal marks omitted) (quoting In re MSR Resort Golf Course, LLC, 2013 WL 766166 (S.D.N.Y 2013); *see also In re Zahn Farms*, 206 B.R. 643, 645 (B.A.P. 2nd Cir. 1997) ("Having elected not to present this Motion to the trial court, the Debtors have denied this Panel the benefit of the views of the Judge who is familiar with the issues pertaining to any purported emergency."). "If the party improperly bypasses the bankruptcy court and seeks a stay first from the district court, the district court lacks the jurisdiction to hear the matter." *In re Rivera*, 2015 WL 6847973 at *2 (quoting *In re Taub*, 470 B.R. 273, 276 (E.D.N.Y. 2012)). "Thus, district courts routinely dismiss motions for a stay pending appeal when stay relief is not first sought from the bankruptcy judge and the failure to do so is not adequately explained." *Id.* (quoting *In re BGI, Inc.*, 504 B.R. 754, 761 (S.D.N.Y. 2014)).

Appellant has not and cannot claim that she filed a stay motion with the bankruptcy court and she has wholly failed to explain why she has not. Appellant has not alleged that seeking a ruling from the bankruptcy court on the requested injunction would have been impracticable. Even if she had, Appellant has no support for an argument of impracticability. It is no reason for Appellant to bypass the bankruptcy court merely because the court entered an adverse ruling against her lifting the automatic stay. It is likewise insufficient for Appellant to cite to an exigency in December to excuse her failure to seek relief from the bankruptcy court in October (i.e., when she filed her Notice of Appeal).

It is evident from the record that the bankruptcy court was not permitted to determine whether the requested injunction was appropriate in the first instance.[1] Rule

---

[1] Appellee respectfully requests the Court take judicial notice of the bankruptcy court docket that clearly shows that no motion for stay was filed.

1  8007(a) requires the bankruptcy court be given that opportunity when doing so is not
2  impracticable. Appellant has not even alleged, much less shown, that it was impracticable
3  here. Accordingly, Apellant's motion must be denied for failure to comply with the
4  presentation requirement.

5  This failure to comply with the presentation requirement is reason alone to
6  summarily deny the Appellant's motion. The motion must also be denied, however, for
7  Appellant's failure to show "(1) whether the stay applicant has made a strong showing
8  that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably
9  injured absent a stay; (3) whether issuance of the stay will substantially injure the other
10 parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v.*
11 *Holder*, 640 F.3d 962, 964 (9th Cir. 2011).

12  The Appellant has not made a substantial case for reversal of the lift stay order.
13 "The decision to grant or deny relief from the automatic stay is committed to the sound
14 discretion of the bankruptcy court, and [appellate courts] review such decision under the
15 abuse of discretion standard." *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 351 (9th Cir.
16 1996). Appellant's argument on appeal hinges on the curious notion that MR Capital,
17 LLC does not own the property in question. Appellant admits that MR Capital, LLC
18 purchased the property at a trustee sale but contests that the trustee sale was invalid under
19 a novel theory that she had rescinded her mortgage prior to the sale. Appellant does not
20 allege that she moved for an injunction prior to the trustee sale or that she gave the loan
21 proceeds back to her lender to accomplish her alleged rescission. The tenuous nature of
22 Appellant's arguments are facially obvious are reason alone to deny the motion.

23  Further, Appellant cannot claim to be irreparably injured. Appellant has already
24 been evicted and a Writ of Restitution executed upon her. The constable that served the
25 Writ of Restitution changed the locks of the property. Appellant will claim that some of
26 her personal property has been left in the property, however, Appellant and her mother

have already moved to a new residence. Appellant can hardly show irreparable injury.

Appellant's motion must be denied for failure to abide by the presentation requirement. The motion must also be denied on its merits for failure to show the elements required for an injunction.[2]

DATED: January 2, 2016

MOYES SELLERS & HENDRICKS

By */s/ Stephen Brower*
Stephen Brower
Attorneys for MR Capital, LLC

**CERTIFCIATE OF SERVICE**

I hereby certify that on January 2, 2016, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants. I further certify that a copy of the attached document was delivered via email to:

Donita Cole
d.cole@cox.net

*/s/ Stephen Brower*

---

[2] Moreover, Appellant has not and cannot show that the injunction would have no effect on Appellee, which has been damaged by its failure to receive possession of the property. Appellant also cannot successfully argue that it is in the public interest to disregard property rights.

00134706